**GEORGE H. SHAMBOW, an individual, v. WILLIAM L. SHAMBOW, et al. (In Re: ESTATE OF MARY SHAM-BOW, deceased).**

5 So. (2nd) 454                          Division A

January 9, 1942.

E. W. & R. C. Davis, for appellant.

G. P. Garrett and Lawrence Rogers, for appellees.

BUFORD, J.:

On appeal applicable to probate matters we review order of Circuit Court affirming in part and reversing in part orders and judgments of the County Judge's Court acting in probate.

The order under review is as follows:

"And now this day this cause coming on to be heard on the appeal taken by William Shambow, Mary J. Helm, John P. Shambow and Lester Shambow, appellants, against George H. Shambow, appellee, from the following orders entered by the County Judge, namely:

"(a) Order dated May 26, 1941, denying the motion of said four appellants to require George H. Shambow, Administrator of said estate, to prove his personal claim against said estate, said motion being filed January 18, 1941.

"(b) Order dated May 26, 1941, allowing the individual claim of George H. Shambow, Administrator of said Estate, and denying the motion of said four appellants to disallow the same.

"And the court having considered the record and the argument of the counsel and the briefs of counsel and being fully advised in the premises:

"It Is Considered by the Court that the order of the County Judge first above mentioned be, and it is hereby affirmed and the order of the County Judge second above mentioned be, and it is hereby reversed

and the case is returned to the lower Court for consideration with this order and the memorandum of the above Court dated July 15th 1941, a copy of which is attached hereto, marked Exhibit No. 1 and is to be taken as a part of this order."

Exhibit No. 1 referred to in the Order is as follows:

"The legal status of a claim filed against an estate without objections in writing filed within the prescribed time (within 10 months under Sec. 122 of 1933 Probate Act) it seems to me to be the first question to answer. The Act does not specify the result of failure to file objections but the result from the filing of same. It places a statute of limitations requiring the bringing of suit within 12 months of the first publication of notice to creditors and if copy of such objections are served on the personal representatives when they are allowed two months thereafter within which to bring suit, etc.

"We return to the question, 'What if no objections were filed?' At early common law, except when suit was brought against him, the administrator or executor himself, and not the court, allowed or adjusted the debts of the deceased with the creditors. In some jurisdictions a claim against the estate of a decedent must first be allowed by the probate court before it can be paid.

"A special allowance by the court may be required as to all claims of an executor or administrator as a creditor of an estate. 21 Am. Juris., pages 595-6.

"Query. If the allowance by the Court is required, then regardless of whether objections in writing were filed, would it not be the duty of the court in passing upon the allowance to consider and determine the

validity and the allowance or the disallowance according to the evidence before him?

"Although it is not entirely clear, yet I am inclined to the belief that under the Probate Act a claim must be allowed by the Judge in accordance with the rule announced in 21 Am. Juris. 596 (No. 379). There is stronger reason for such a rule if the claim is that of the administrator himself. Even though at early common law he could retain a debt from the estate, the trend of the law has been so strongly turning to the contrary that I believe the safe and sound rule is to require the allowance to be made by the Judge upon any claim of the representative against the estate.

"It is not only the right but the duty of the representative to contest the allowance of questionable claims. 21 Am. Juris. No. 382.

"While in some jurisdictions the representative may waive the statute of limitations as to his own claim although his claim was barred, yet in other jurisdictions the rule is that where his claim is barred in debtor's lifetime or at the date of the representative's qualification or before his intention to retain was known he is not allowed to waive the defense. 24 C.J. 298.

"In Sanderson's case, 17 Fla. 820, it was held that an administrator should interpose the statute of limitations to claims which are barred and that he should be charged with all such barred debts that he pays. pgs. 846-8.

"It further held that if the estate was solvent he had the right to retain a debt due him if not barred in intestate's lifetime or at date of issuing his letters. Reading this discussion causes the question to arise

whether the court would not also say that is the extent to which he may retain and that right does not extend to the retention of a debt which was so barred (in lifetime or, etc.).

"Being without the testimony, I am unable to determine whether the claim is one of mutual account to which sub-section 8 of Section 4663 C.G.L. would apply as contended by counsel for appellee. The credits may have made the account mutual with reciprocal demands between the parties. Reciprocal demands defined 7 Words and Phrases (1st) 5998.

"It is my opinion that this personal claim of the administrator against the estate must be passed upon by the court, notwithstanding the absence of objections filed thereto and that it was the duty of the court to consider the evidence introduced bearing upon the legality of the claim; and that he should not allow any part of it that he found from the evidence was barred and that the filing of the claim and the failure to file objections did not prima facie establish the administrator's claim; that it was necessary to establish the claim by competent evidence and that the administrator was an incompetent witness and his testimony should not be considered. The entire legality of the claim was an open question and would require proof to establish a contractual liability of the intestate, the furnishing of the services, of what they consisted and the value thereof.

"Although no precedent has been furnished for the motion to require the administrator to prove his claim and I do not feel justified in saying that the County Judge erred in overruling same, yet it is my view that in the present state of the record that in

order to correctly determine its action thereon it will be necessary for him to take evidence.

"The court overrules the first assignment of error and sustains the second assignment and remands the case to the lower court for further proceedings not inconsistent with the above expressed opinion."

We have set out the above in full because we find that it reflects, in the main, sound conclusions based on the factual conditions under consideration.

The bases of the assignments of error in the Circuit Court are found in paragraphs (a) and (b) of the order, supra.

So the rationale of the order which we review is, that under the facts shown the administrator is to be allowed to prove his claim by the presentation of *legal* evidence, if he can, and that, therefore, the County Judge did not err in refusing to peremptorily disallow the claim before proof pro and con as to its validity and enforceability has been heard and considered.

Appellant insists that because of provisions of Section 5541 (94) paragraph (b) C.G.L. Perm. Supplement, Vol. 5, and because objection to claim was not filed within 10 calendar months after first publication of notice to creditors, it became the duty of the probate court to allow the claim without question.

This was the claim presented by the administrator and, therefore, as to this claim the administrator-claimant was disqualified to act and, therefore, there was no personal representative qualified to act in regard to this claim. The statute (Sec. 91 of the Probate Act) has provided for a contingency of this sort by requiring the County Judge, when such condition arises, to appoint an administrator ad litem for that particular matter. We construe this to be a con-

dition precedent to the allowance of the claim in the *absence* of objections because to hold otherwise would be a denial of due process. That is, it would mean that the court may proceed to adjudication without a necessary party, viz: the personal representative of the estate, or some other person who is allowed to appear to protect the interest of the estate.

It, therefore, must follow that until an administrator is appointed or until objections to claim are filed by some other interested party, the statute, supra, is tolled. To hold otherwise would open the door to fraud and injustice. However, when objections (the purpose of which is to have determined the validity of the claim against the estate) are filed by interested parties, then the necessity for an administrator ad litem ceases to exist, because the objectors appear to litigate this claim in behalf of themselves and all others interested in the corpus of the estate.

We find the authorities cited by the Circuit Court, supra, sufficient to support the order here under consideration and such order is affirmed.

So ordered.

BROWN, C. J., WHITFIELD and ADAMS, JJ., concur.