ALLEN, Acting Chief Judge.
This is an appeal from an order of the county judge dismissing a petition for revocation of probate because it had not been filed within six months from the date of the first publication of the notice of probate, pursuant to the provisions of Florida Statutes 732.28, F.S.A.
On August 26, 1959, letters testamentary were issued to Cyrus Edson Manierre and Palmer First National Bank and Trust Company as executors of the estate of Wilhelmina Manierre Whitelaw. On the same day a motion for notice of probate was filed in the estate proceeding pursuant to F.S. § 732.28, F.S.A.; naming, among others, the appellant, Harold Lee Manierre, as an heir at law of the decedent.
*119 Thereafter, a copy of said notice was sent to appellant by registered mail and was received by him in Woodstock, N. Y., on August 29, 1959. Thereafter, publication of the notice was commenced on September 1, 1959, weekly until September 22, 1959.
On June 10, 1960, appellant filed a petition to revoke probate of the will on the grounds of lack of testamentary capacity. The executors filed a motion to dismiss the petition on the grounds that appellant was barred since the petition was not filed within 6 months from the date of the first publication of notice of probate as provided by F.S. § 732.28, F.S.A.
The county judge entered an order granting the motion to dismiss the petition for revocation of probate, finding that no petition for revocation had been filed within 6 months from the date of first publication; that petitioner (appellant) was barred by the provisions of F.S. § 732.28, F.S.A.; and that the provisions of F.S. § 732.30, F.S.A., did not apply to the appellant’s petition.
The appellant presents this point:
“Is an heir precluded from contesting probate of a will where his petition was filed more than six (6) months after first publication of notice of probate but before final discharge of the personal representative?”
Appellant contends that if the legislature had intended for persons who receive notice under F.S. § 732.28, F.S.A., to be foreclosed from the operation of F.S. § 732.30, F.S.A., it would have inserted an exception to that effect into the language of the latter provision.
The critical portions of the two statutes are set out as follows:
“732.28 Notice of Probate
‡ ‡ * * * *
(6) If no petition for revocation of probate is filed within the time limited aforesaid [6 mo.], the order admitting such will to probate shall be conclusive without further order, upon proof of publication of notice of probate’s being filed and recorded in the office of the county judge. No petition for revocation of probate may be maintained unless filed within said six-month period.” (Emphasis supplied.)
“732.30 Revocation of probate
“(1) Any heir or distributee of the estate of a decedent, including legatees or devisees under a prior will, except those who have been served with citation before probate or who are barred under § 732.29, may, at any time before final discharge of the personal representative, make application by petition to the court in which the probate of any will may have been granted, for revocation of such probate. * * * ” (Emphasis supplied.)
Appellant further contends that since he has not been served with a citation before probate, nor is he barred because of any contest proceedings under F.S. § 732.29, F.S.A. (Caveat; proceedings) he is not covered by the two exceptions contained in § 732.30 and can proceed thereunder in spite of the apparent conflict with § 732.28.
Appellee contends that since appellant was served outside of Florida, a citation served under § 732.09 would have been served in precisely the same manner as the notice of probate actually served in the instant case under § 732.28.
An examination of the transcript shows that the petition for the probate of the will in question was filed and letters testamentary issued to Cyrus Edson Manierre and Palmer First National Bank and Trust Company of Sarasota on the 26th day of August, 1959; that the motion for notice of probate was filed on the 26th day of August, 1959, which included the list of the names and residences of each legatee or devisee named in the will of Wilhelmina Manierre Whitelaw, deceased, and each heir at law of the decedent, including the appellant; a certificate of mailing a copy of the notice of *120 probate was entered by the county judge together with receipts for the certified mail signed by appellant and others; a notice of probate showing publication dates, which said notice notified the parties that the will had been admitted to probate and commanding them, within six calendar months from the date of the first publication, to appear and show cause why the action of the court in admitting the said will to probate should not stand unrevoked; and the petition to revoke the probate of will filed by the appellant, Harold Lee Manierre, filed the 10th day of June, I960.
The record thus discloses the strict compliance with the provisions of Florida Statute, § 732.28, F.S.A.
The lower court, in his order granting the motion to dismiss petition to revoke the probate of will, stated:
“ * * * and the Court finding that Notice of Probate was duly and properly given by the co-executors under the provisions of Chapter 732.28, Florida Statutes; that the said Harold Lee Manierre received actual notice thereof by mail on August 29, 1959, under the provisions of said law as evidenced by the return receipt thereof; that no petition for revocation of probate was filed within the six-month period provided for in said law, the Petition to Revoke the Probate of Will to which said Motion to Dismiss was filed having been filed on June 10, 1960, which was 100 days after the expiration of the six-month period provided by law; that the provisions of Chapter 732.30, Florida Statutes, do not apply to the Petition filed by the Petitioner; and the Court being otherwise advised in the premises, it is
“Ordered and adjudged that the co-executors’ Motion to Dismiss Petition to Revoke the Probate of Will be and the same is hereby granted.”
It is the contention of the appellant that while he received the notice of the probate as provided for in § 732.28, that he was not served with citation and therefore he would be excepted under the provision of Florida Statutes, § 732.30, F.S.A., which provides that any heir or distributee of the estate of a decedent, except those who have been, served with citation before probate or who are barred under § 732.29, may petition for probate at any time before the closing of the estate.
If the contention of the appellant is correct, the effect would be to nullify the provisions of § 732.28, which precludes a petition for revocation after six months.
We find no Florida case, nor has any-been cited by the briefs of the parties in this; cause, passing upon the identical question before us today. However, Redfearn in his Third Edition of Wills and Administration of Estates in Florida, Vol. 1, pp. 176„ 177 and 178, states:
“1. After the death of the testator,, the personal representative or other petitioner for probate of the will may-file a petition in the office of the county-judge having jurisdiction, seeking the-probate of the will. Upon the filing of this petition, proof of the will may be made as explained in the preceding section of this chapter. Upon the taking of such proof, the order of probate is. entered, and the administration of the-estate begins.
“2. The personal representative-may complete the administration of the estate without taking further steps with reference to the probate of the will, if he so desires, unless he or some other interested person causes the county judge to serve notice of probate. Any interested person, or the personal representative, may file in the office of the-county judge a sworn statement containing the name and residence or post office address of each legatee or dev-isee named in the will, of the surviving spouse, and of each heir at law of the decedent. Thereupon, the county judge must serve notice of the probate- *121 upon such persons as hereinbefore explained. All persons who are thus notified have six months in which to file a petition to revoke the order of probate. If no such petition is filed or if it is filed and is not sustained, the probate becomes conclusive upon all persons thus notified.
“3. In the event the personal representative or other interested person •does not cause the notice of probate to be served by the county judge as •above explained, then, after the order •of probate has been entered, any heir •or distributee of the estate of the decedent, including legatees or devisees under a prior will, except those who have been served with citation before probate or who are barred by reason ■of having filed a caveat to the will, at any time before the final discharge •of the personal representative may file .a petition in the office of the county judge in whose court the probate of the will was granted, seeking the revocation of such probate. Thereupon, citation to appear and defend shall be served upon the personal representative.
“From the foregoing it is seen that •ample provision is made in the Florida statutes for the preservation of the rights of all interested persons so as to give them an opportunity to attack the will if they so desire. The statutes also provide that a caveat may be filed before the probate by any heir or distrib-utee of the estate of the decedent.
“From the foregoing it will also be observed that the petitioner who seeks the probate of a will need not serve citation or other interested persons before the probate of the will, but he may do so and thus bring on the contest of the will, if there is to be a contest, before the order of probate has been granted. In the event of a contest before the order granting probate is made, it would be necessary to appoint a curator to take charge of the estate pending the outcome of such contest; and, for this reason, in a case in which a contest is likely to occur and in which no caveat has been filed, the best procedure to follow is to probate the will and then give notice of probate. If a petition for the revocation of the order of probate is filed, the appointment of a curator is unnecessary since the personal representative continues with the administration pending the outcome of the petition, but he should make no distribution until the issues raised by the petition for revocation have been determined adversely to the petitioner.”
We are of the opinion that from the facts of this case the lower court committed no error in dismissing the petition for probate.
Affirmed.
KANNER and WHITE, JJ., concur.