149 So.2d 552 (1962)
STATE of Florida ex rel., Clarence G. ASHBY, et al., Petitioners,
v.
Honorable Page HADDOCK, Judge of the County Judges' Court, in and for Duval County, Florida, Respondent.
No. 31820.
Supreme Court of Florida.
December 5, 1962.
Rehearing Denied January 17, 1963.
*553 Julius F. Parker and Parker, Foster & Madigan, Tallahassee, Guy W. Botts and Botts, Mahoney, Whitehead, Ramsaur & Hadlow, Jacksonville, for petitioners.
Edward S. Hemphill, Jacksonville, for respondent.
DREW, Justice.
Petitioners seek review of an order of the District Court, First District, denying writ of prohibition. Certiorari jurisdiction here is based on alleged conflict with Whitelaw's Estate, Fla.App., 2nd Dist., 133 So.2d 118.[1]
The petitioners, duly qualified as executors and trustees under the will of Thurston Roberts, deceased, and filed notice of probate under F.S. Sec. 732.28, F.S.A., which provides:
"Notice of probate
"(1) Upon the admission of a will to probate, the personal representative or any other interested party may, at his option, file in the office of the county judge a sworn statement containing the name and residence or post-office address of each legatee or devisee named in the will and of the surviving spouse and each heir at law of the decedent.
"(2) Upon the filing thereof, the county judge shall cause to be duly mailed, postage prepaid, with the return address of the county judge upon each envelope, to each person named in said statement, a notice of the probate of said will. A certificate of such mailing shall be filed by the county judge.
"(3) Thereupon, the county judge shall cause to be published once a week for four consecutive weeks in a newspaper published in the county, four publications being sufficient, a notice addressed to all persons interested, in substantially the following form:
 "In the County Judge's Court
 "_________ County, Florida.
"Estate of _________, Deceased.
"The State of Florida to all persons interested in the estate of said decedent:
"You are hereby notified that a written instrument purporting to be the last will and testament of said decedent has been admitted to probate in said court.
"You are hereby commanded within six calendar months from the date of the first publication of this notice to appear in said court and show cause, if any you can, why the action of said court in admitting said will to probate should not stand unrevoked. * *

*554 "(6) If no petition for revocation of probate is filed within the time limited aforesaid, the order admitting such will to probate shall be conclusive without further order, upon proof of publication of notice of probate's being filed and recorded in the office of the county judge. No petition for revocation of probate may be maintained unless filed within said six-month period." (Emphasis supplied.)
More than six months after petitioners' compliance with these provisions, there was filed in the probate proceeding a petition for revocation of probate by parties representing themselves as trustees and executors under a prior will of the decedent which had been filed in the probate proceedings for informational purposes, along with an executed revocation of prior wills, before publication of notice of probate. The executors under the probated will, petitioners here, then filed a motion to dismiss the petition for revocation, asserting the bar of Section 732.28, supra, because of lapse of more than six months since publication thereunder. The motion was denied, and proceedings in prohibition were instituted in the district court against the respondent judicial officer to prevent further action by him on the pending petition for revocation of probate.
The district court found in this case[2] that Sec. 732.30[3] unequivocally affords to claimants under prior wills the right to petition for revocation of probate. The decision was, in effect, that the exceptions stated in Sec. 732.30 are exclusive and that the respondent judge had jurisdiction to act upon, and was therefore not required to dismiss, the petition for revocation because the movants were not barred as caveators under 732.29, were not served with citation before probate, and had not waived any rights in the premises. Jurisdiction for review of the decision by certiorari rests upon conflict with the ruling on the same point of law in the case of In re Whitelaw's Estate, Fla.App. 1961, 133 So.2d 118, 120, holding that the exceptions specified in Sec. 732.30 should not be construed to be exclusive so as to nullify the limitations clause of Sec. 732.28.
The cause at bar thus presents an apparent collision between two sections of our probate law, one, Sec. 732.30, containing a general provision allowing revocation proceedings by any potential distributee at any time until final discharge of a personal representative, the other, Sec. 732.28, providing a special procedure by which probate can be made conclusive upon specified notice and lapse of a six-months' limitation period, terminating with the unambiguous statement: "No petition for revocation of probate may be maintained unless filed within said six-month period." F.S. Sec. 732.28(6), F.S.A.
Upon application of the established principles of statutory construction so ably delineated in the opinion of the district court[4] we conclude that the only reasonable legislative intent expressed by these two provisions, enacted simultaneously, is that Sec. 732.30 accords and controls the right to file revocation proceedings, subject, as in the case of statutory remedies generally, to the independent limitations provisions of the companion section. As *555 held in Whitelaw, supra, we find the stated exceptions[5] to be in addition to, rather than in lieu of, the general limitations clause contained in Sec. 732.28. The breadth of language employed in Sec. 732.30(1), together with its ancillary provisions,[6] would otherwise render nugatory any proceeding under the limitations section by way of notice of probate. Since, however, the latter procedure is optional, the contrary time limit expressed in 732.30, allowing revocation "at any time before final discharge", does under our view serve the reasonable purpose of delimiting the remedy in any instance where the procedure for notice of probate is omitted or improperly executed.
We find no support in law or in the literal language of the statute for the conclusion in the opinion below that Sec. 732.28 requires notice by mail on claimants under prior wills, known or unknown, or that publication of notice to "all interested persons" is intended to give rise to limitations against claims of only those persons who have been mailed a notice or have waived such notice. This section clearly contemplates mailing of notice only to those parties enumerated in subsection (1), i.e. "each legatee or devisee named in the will" which has been probated, and to the surviving spouse and heirs, and provides for publication of notice to all others. The statement of limitations consequent thereon is couched in blanket terms and seems susceptible of no ambiguity whatever on its face. We are referred to no authority impinging in any way the decisions in this jurisdiction which have established the in rem nature of probate proceedings and would sustain the propriety of constructive service in the premises.[7]
The nature of interests represented by trustees claiming under a prior will, and the exposition in the opinion below of law defining the statutory reference to "legatees or devisees," need not be evaluated in view of our disposition of the cause on the ground that Sec. 732.30 evinces no intent to override the conclusive effect of notice of probate by mail or publication upon all interested parties under Sec. 732.28.
The order of the district court denying writ of prohibition should be reversed and *556 the cause remanded for issuance of the writ absolute in accordance with this opinion.
It is so ordered.
TERRELL, Acting C.J., and THORNAL, O'CONNELL and HOBSON, (Ret.), JJ., concur.
NOTES
[1] Art. V, Sec. 4, Fla. Const., F.S.A.
[2] Fla.App., 140 So.2d 631.
[3] "(1) Any heir or distributee of the estate of a decedent, including legatees or devisees under a prior will, except those who have been served with citation before probate or who are barred under § 732.29, may, at any time before final discharge of the personal representative, make application by petition to the court in which the probate of any will may have been granted, for revocation of such probate. The petition shall set forth the interest of the petitioner in such estate and the facts constituting the grounds upon which revocation is demanded." 732.30(1).
[4] 140 So.2d 631, 635.
[5] Examination of the original text of the probate act, Chapter 16103, Laws of Florida, Acts of 1933, and proposed Florida Probate Act in the Florida Law Journal, Vol. 6, pp. 511, 525, indicates a subsequent editorial alteration in the text of Section 67, now Section 732.30, which may affect the current problem: Subsection (1) of the latter provision formerly read "Any heir or distribute * * * except those who have been served with citation before probate or who are barred under the preceding section, may, at any time * * *." The italicized words now read "under Section 732.29." Because Sec. 732.29, controlling caveats, is the only provision requiring service of citation before probate, it seems reasonable to suppose that the first exception in 732.30, i.e. "those who have been served with citation before probate", refers to service on caveators and that the second exception, i.e. those "who are barred under the preceding section," may have been intended to refer to and expressly recognize the bar of Sec. 732.28, which at the time of enactment of Chapter 16103 was the section next preceding that relating to caveats.
[6] Since Sec. 732.30 contains no real limitation of applicability and revocation proceedings may, until final discharge, be brought under its terms by "any heir or distribute," and under sub-section (3) any interested person shall "be permitted to appear and prosecute or defend as though he were a party", there would, under the construction adopted by the court below, be no conceivable sphere of operation for Section 732.28. Compliance with its terms would be a futile action even as to those to whom notice is required to be mailed.
[7] In re Williamson's Estate, Fla. 1957, 95 So.2d 244, 246, 65 A.L.R.2d 1195; Street v. Crosthwait, 134 Fla. 158, 182 So. 820, 823; Pitts v. Pitts, 120 Fla. 363, 162 So. 708, 711; Torrey v. Bruner, 60 Fla. 365, 53 So. 337.