BARKDULL, Chief Judge.
Appellants, certain defendants in a mortgage foreclosure cause, seek review of a final decree of foreclosure upholding a mortgage lien against certain real property-being administered within a probated estate.
From the record it appears that in June of 1952 one William N. Kelley died owning certain real property. That he appointed the appellee, William F. Kelley, as his executor with power of sale and mortgage being specifically granted in the will,[1] and he devised his real property to his three children: the appellee William F. Kelley, and the appellants Elizabeth Edmonson and Frances Marie Clopton, a/k/a Frances -Gosper Tate. Thereafter, the estate was ready to be closed and the three heirs were so notified, but they elected to leave the estate proceedings open in order that the appellee, William F. Kelley, could manage the properties. During the past several years the appellee, William F. Kelley, sold certain assets of the estate and divided the proceeds, made certain loans secured by mortgages on the real property for his -own personal use [satisfying certain loans], and ultimately executed several notes secured by mortgages on the property involved in this cause to satisfy certain personal obligations, which were in no wise connected with the administration of the probate estate. Upon default in said notes and mortgages, the instant proceedings were commenced to foreclose two notes secured by mortgages executed by William F. Kelley, as executor of his late father’s estate. No probate order of confirmation was entered, and the other heirs did not join in the note or mortgage. Several counterclaims and cross-claims were duly filed. The chancellor adjudicated the counterclaims adversely and ordered the foreclosure. He reserved jurisdiction to determine the equities between the parties on the cross-claims by the appellants against the appellee, William F. Kelley. The appellants have now brought on for review the propriety of the final decree of foreclosure.
 These proceedings involve an asset within the administration of an estate and, it being apparent from the pleadings that the interests of the executor of the estate [to wit: William F. Kelley] were adverse to the estate, it was incumbent upon the chancellor, pursuant to the provisions of § 732.55, Fla.Stat.,[1] F.S.A., to have appointed an administrator ad litem. It is apparent from the record that no such appointment was made. It is also apparent that no party requested such an appointment and it was not called to the attention of the chancellor. However, notwithstanding the failure of the parties to call same to the attention of the court, it is mandatory in such a proceeding that *568 an administrator be appointed because of the terms of the statute. The proceedings in the trial court being deficient in complying with this provision of the probate law, the foreclosure decree could not be valid and same is therefore reversed.
All parties not being appropriately before the trial court with an opportunity to present pleadings reflecting their respective positions, no comment will be made in this opinion on the points raised on this appeal as to the merits of the controversy. But, this matter will be returned to the chancellor for further proceedings subsequent to the appointment of an administrator upon such issues as may be made by the pleadings filed by the parties.
Reversed and remanded.

. * * *
“ * * • I further confer upon him full authority and power to sell, transfer, mortgage or pledge the whole or any part of my estate at public or private sale with or without notice and to execute any and all instruments that may be deemed necessary or advisable to carry the foregoing powers into full force and effect.”
* * *

. “732.55 Administrator ad litem.— Whenever, in any proceeding before the county judge or in equity in the circuit court, it is necessary that the estate of a deceased person be represented and when there is no personal representative of such estate or when the personal representative is interested adversely to said estate or in such proceeding is enforcing Ms own debt or claim against the estate, the court in which the proceeding is pending shall appoint an administrator ad litem without bond for that particular proceeding. Whenever the facts authorizing such appointment appear of record or are otherwise made Imoivn to the court, the court shall without notice appoint such administrator ad litem. The administrator ad litem shall, upon appointment, make and file an oath to discharge his duties faithfully, and said proceeding shall then be further maintained, prosecuted or .defended, insofar as said estate is concerned, by said ad-minstrator ad litem and in his name as such.” [emphasis added]