ON MOTION TO DISMISS
SACK, Judge.
On June IS, 1964, the County Judge of Volusia County, Florida, on his own motion, entered an Order of Investigation and to Account, and issued a Rule to Show Cause to Charles E. Booth, as Executor of the Last Will and Testament of Florence I. Herían, Deceased. The general purpose of the investigation was to inquire why the purported Will should not be set aside and declared void as against the public policy of the State of Florida, to obtain an accounting from the Executor in connection with certain specified activities, and to determine if the Executor should be removed for maladministration. The terms of this Order and the Rule to Show Cause are fully set out in our opinion in State ex rel. Booth v. Byington, Fla.App.1964, 168 So.2d 164, in which we denied a Petition for Writ of Prohibition against further proceedings by the County Judge pursuant to such Order and Rule.
Following the rendering of our opinion, the County Judge appointed Walter A. Shelley as administrator ad litem “to represent the estate of Florence I. Herían, Deceased, in connection with the investigation and all other proceedings pursuant thereto to be conducted in this Court and in such other courts as may be appropriate, pursuant to the Order of Investigation and to Account herein dated June IS, 1964, and the Rule to Show Cause herein dated June 16, 1964, as amended June 23, 1964.” Pursuant to these Orders, the County Judge entered into its investigation and after full hearing, on September 20, 1966, dismissed, with prejudice, the Order of Investigation and the Rule to Show Cause, dismissed proceedings by other interested parties in *277 ■dividually seeking substantially the same relief inquired into under the Order of Investigation, and discharged the administrator ad litem. The administrator ad litem has taken an appeal from the order of September 20, 1966, his Motion for Stay and Supersedeas was denied by the lower ■court, and he has filed under Appellate Rule 5.10, 31 F.S.A., a motion for a review of the order denying the supersedeas. The Executor has filed a Motion to Dismiss the appeal. If the Motion to Dismiss the appeal is granted, the denial of super-sedeas must be sustained.
In State ex rel. Booth v. Byington, supra, the petitioner urged that since the probate of the Will had become final under Section 732.28, F.S.A., because of the solemn probate of the Will, the County Judge no longer had jurisdiction to enter the Order of Investigation under the principles announced in State ex rel. Ashby v. Haddock, Fla.1962, 149 So.2d 552. We concluded that Haddock was distinguishable in that its application was limited to a late .attack by interested parties, but would not apply to an investigation on its own motion by the County Judge’s Court, since the probate court has inherent power and jurisdiction to revoke probate decrees, notwithstanding that such decrees are considered to be in the nature of judgments in rem and that such power might be exercised where justice clearly requires it. Accordingly, this inherent power of a County Judge’s Court, in cases of extrinsic fraud or mistake, authorized the exercise of jurisdiction by the County Judge under the Order for Investigation.
Since the inherent power of the County Judge’s Court discussed above was the sole basis for the investigation, it follows that the appointment of the administrator ad litem, under the restrictive terms of the Order appointing him, must necessarily be limited to the purposes for which he was appointed and could be terminated when the Court had satisfied itself on the matters which were the subject of investigation. Once the Court had concluded that the Rule to Show Cause should be discharged and was satisfied with the results of its investigation the function of the administrator ad litem was terminated. He was not an interested private party to the litigation, but an assistant, in a manner of speaking, to the County Judge solely for the purpose of the investigation. If the County Judge was satisfied, the administrator ad litem had no standing to appeal, in effect, against him. To hold otherwise would be to permit the administrator ad litem to assume an active status as a private litigant contrary to the holding in Haddock and beyond our holding in By-ington, which limited the right of investigation to the County Judge alone.
Accordingly, the Motion to Dismiss the Appeal is granted and the Motion for a Review of the Supersedeas Order is denied.
RAWLS, Chief Judge, and JOHNSON, J., concur.