ON REHEARING GRANTED
ROBERTS, Justice.
By conflict certiorari we review a decision of the District Court of Appeal, First District, dismissing an appeal in this probate matter by Walter A. Shelley, as Administrator ad Litem, holding that such administrator had no standing to appeal. The historical background and reasoning of the court appear in the decision of the District Court at 191 So.2d 276. Contention is made by petitioner here that the decision is in conflict with Shambow v. Shambow, 149 Fla. 278, 5 So.2d 454 (1942), and Edmonson v. Frank J. Rooney, Inc., Fla.App., 171 So. 2d 566 (DCA-3, Fla.1965). We agree. See also State ex rel. Booth v. Byington, Fla., 178 So.2d 1.
The District Court was confronted with the question of whether the Administrator ad Litem, under the appointment made, had standing to appeal, which involved the question of whether the probate court had jurisdiction in the first place to appoint the Administrator ad Litem. The District Court said:
“In State ex rel. Booth v. Byington [Fla. App.1964, 168 So.2d 164], the petitioner urged that since the probate of the Will had become final under Section 732.28, F.S.A., because of the solemn probate of the Will, the County Judge no longer had jurisdiction to enter the Order of Investigation under the principles announced in-State ex rel. Ashby v. Haddock, Fla.1962, 149 So.2d 552. We concluded that Haddock was distinguishable in that its application was limited to a late attack by interested parties, but would not apply to an investigation *226 on its own motion by the County Judge’s Court, since the probate court has inherent power and jurisdiction to revoke probate decrees, notwithstanding that such decrees are considered to be in the nature of judgments in rem and that such power might be exercised where justice clearly requires it. Accordingly, this inherent power of a County Judge’s Court, in cases of extrinsic fraud or mistake, authorized the exercise of jurisdiction by the County Judge under the Order for Investigation.”
We agree.
From the record we glean the appointment of the Administrator ad Litem on September 23, 1965, in this language:
“[I]t being necessary that the estate of the aforesaid decedent be represented in connection with this Court’s investigation to be conducted pursuant to the aforesaid orders entered herein in June 1964, and in all proceedings in connection with said investigation, and it appearing to the Court that Charles E. Booth, executor of said estate, is interested adversely to said estate in connection with said investigation, and it further appearing to the Court that said investigation and all proceedings in this Court and in such other courts as may be appropriate, may be most effectively and fairly conducted by means of an administrator ad litem * * * and it further appearing to the Court that the appointment of the said Walter A. Shelley as administrator ad litem is in the best interests of the estate, it is, upon consideration thereof,
“ORDERED and ADJUDGED that Walter A. Shelley be and he is hereby appointed administrator ad litem, without bond, to represent the estate of Florence I. Herían, deceased, in connection with the investigation and all other proceedings pursuant thereto to be conducted in this Court and in such other courts as may be appropriate, pursuant to the Order of Investigation and to Account herein dated June 15, 1964, and the Rule to Show Cause herein dated June 16, 1964, as amended June 23, 1964.”
Shelley accepted the appointment and filed his oath as Administrator ad Litem. Thereafter, on November 10, 1965, the court set all pending matters for trial, which was begun on December 8, 1965. Inherent in the trial was the issue of the validity of deceased’s probated will and whether it should be set aside because of alleged undue influence by the executor, Charles E. Booth, over the decedent in the making of a will which named him the sole beneficiary, and also testing the testamentary capacity of the testatrix at the time of her death. On September 20, 1966, after conclusion of the taking and receiving of all evidence, the trial court entered its decision finding that the decedent possessed testamentary capacity at the time of making of the probated will and that such execution was not the result of such alleged undue influence of the executor and beneficiary Booth. In that order the probate court discharged Shelley as Administrator ad Litem. The probate decision of September 20, 1966, is the order sought to be reviewed in the appeal to the District Court which, as previously stated, was dismissed without passing on the merits because of a decision by that court that the Administrator ad Litem did not have status to appeal.
It was proper, if not necessary, that under the circumstances here present, an Administrator ad Litem should be appointed. See Shambow v. Shambow and Edmon-son v. Frank J. Rooney, Inc., supra. Being so appointed and having duly qualified, he had the right and the duty to participate to the same extent that any other Administrator ad Litem would have.
The County Judge himself initiated this matter after the will was admitted in a “solemn” probate proceeding. State ex rel. Booth v. Byington, 178 So.2d 1 (Sup.Ct.). The Judge expressed concern regarding undue influence and improper accounting by Booth, the executor and principal beneficiary.
*227 By the order appointing the Administrator ad Litem on September 23, 1965, the County Judge recited that it was “necessary that the estate * * * be represented * * * in all proceedings in connection with said investigation” and “that said investigation and all proceedings in this Court and in such other courts as may be appropriate, may be most effectively and fairly conducted by means of an administrator ad litem”. Shelley was then named as Administrator ad Litem to “represent the estate of Florence I. Herían, deceased, in connection with the investigation and all other proceedings pursuant thereto to be conducted in this Court and in such other courts as may be appropriate.” (Emphasis supplied.)
Hence, Shelley is not merely a functionary of the County Judge only. He is an ad litem representative of the estate in all matters related to and arising out of the investigation. Since this was a “post-probate” investigation properly initiated by the Judge (191 So.2d 276), the original solemn probate of the will would not preclude the ultimate completion of investigation proceeding by appropriate appellate review. The Judge appointed Shelley to represent the estate. He finished his investigation with an order stating his findings and discharging Shelley. The latter as Administrator ad Litem is aggrieved with both aspects of the order and seeks appellate review. The estate is entitled to it.
Indeed, when we affirmed the District Court’s denial of prohibition by our decision in 178 So.2d 1, we did so with the comment that “any order which he [the County Judge] ultimately enters will be subject to appropriate review on the merits”. That is all that the Administrator ad Litem now seeks, and the decision under review denies him that privilege. If he cannot do it under the circumstances, then who could represent the “estate” to test
the correctness of the Judge’s order? Obviously, no one.
Therefore, that portion of the decision which dismisses the appeal is quashed with directions that the District Court proceed to hear the cause.
It is so ordered.
THORNAL and ERVIN, JJ., and WHITE, Circuit Judge (Retired), concur.
DREW, J., concurs in judgment with opinion.
BARNS, PAUL D., J. (Retired) dissents with opinion.
THOMAS, J., dissents and agrees with BARNS, PAUL D., J. (Retired).
DREW, Justice (concurring in judgment only) :
I agree that the decision of the appellate court,[1] holding petitioner was not an interested party for purposes of appeal, is in conflict with, and should be reversed on authority of, earlier decisions that an administrator ad litem is an indispensable party in certain probate adjudications.[2]
I do not believe, however, that this conclusion requires or justifies the statement in the majority opinion that “Inherent in the trial was the issue of the validity of deceased’s probated will and whether it should be set aside because of alleged undue influence by the executor, Charles E. Booth, over the decedent in the making of a will which named him the sole beneficiary and also testing the testamentary capacity of the testatrix at the time of her death.”
Although the probate court in the order appealed did describe the issues in that *228 fashion,[3] there seems to me to be patent error in so characterizing the proceedings. The jurisdiction of the probate court in this matter, affirmed by previous order denying prohibition,[4] was predicated on cases confirming the inherent power of a court to protect its own processes. The court’s jurisdiction, after lapse of the statutory period [5] for attacking the order admitting the will in a solemn probate proceeding, was limited to a determination of whether the order was procured through fraud or mistake so as to affect the court’s power to enter that original order.
The district court, in the opinion now under consideration, expressly acknowledged that limitation: “Accordingly, this inherent power of a County Judge’s Court, in cases of extrinsic fraud or mistake, authorized the exercise of jurisdiction by the County Judge under the Order for Investigation.” [6] By uniform definition “fraud has been regarded as extrinsic or collateral where it operates upon matters pertaining, not to the judgment itself, but to the manner in which it is procured, so that there is not a fair submission of the controversy.” [7] Clearly, then, in the present case the jurisdiction of the probate court was limited initially to a determination of whether or not such fraud had been perpetrated on the court in procuring the original order of probate so as to render the order void, before adjudication anew of the matters decided by that order.
In remanding this cause for disposition of the merits of the appeal, I would require that consideration be given to the jurisdictional point above discussed in the resolution of whatever issues are presented by appellant.

. 191 So.2d 276.

. Shambow v. Shambow, 1942, 149 Fla. 278, 6 So.2d 454; Edmondson v. Frank J. Rooney, Inc., Fla.App., 171 So.2d 566.

. “This cause having come on for hearing before, the Court upon investigation and inquiry into what counsel for all parties concede to be the principal questions and issues, i. e. (1) did Florence I. Herían possess testamentary capacity on the date and at the time she executed a Last Will and Testament, admitted to probate in this Court, and (2) was such Will the product of undue influence exerted upon the testator by Charles E. Booth, the principal beneficiary thereunder.”

. State ex rel. Booth v. Byington, Fla. App., 168 So.2d 164, affirmed 178 So.2d 1. The Order of Investigation pursuant to which the proceedings were conducted concluded with an order to the executor to show cause “why you should not be adjudged to be in contempt of this Court for hindering the administration of justice and the lawful administration of said estate in the particulars hereinabove set forth.” Although the order also referred to investigation anew as to the validity of the will, I think the denial of writ of prohibition against hearings on the order must reasonably be construed only as a finding that the court had some jurisdiction in the premises, i. e. jurisdiction (defined in the appellate opinion on prohibition) to determine whether the order of probate theretofore entered had been procured by fraud which would vitiate the order and permit re-consideration of the issues previously adjudicated.

. F.S. Sec. 732.28, F.S.A.

. 191 So.2d 276, 277.

. Ballentine’s Law Dictionary, 1954 Supp.