BARNS, PAUL D., Justice
(Retired) dissenting.
The decision of the lower court In Re: Herlan’s Estate, Fla.App., 191 So.2d 276, does not appear to be in conflict with Shambow v. Shambow, 149 Fla. 278, 5 So.2d 454, or Edmonson v. Frank J. Rooney, Inc., Fla. App., 171 So.2d 566. In each of these two cases the executor or administrator either made a claim against the estate then under his administration or his interest was adverse to such estate; § 732.55, F.S.A. authorizes the appointment of an administrator ad litem under such circumstances.
In the case at bar, Walter A. Shelley was appointed as administrator ad litem “to represent the estate of Florence I. Herían, Deceased”, in connection with certain investigations initiated by the court, as recited in the Opinion of the lower court (191 So.2d 276, supra). Neither the deci *229 sion of the lower court, nor that of the trial court seems to have been based on any adverse interest of the executor or administrator to that of the estate or claim by him against the estate, within the scope of § 732.55, supra. As stated in the district court’s opinion, “the inherent power of the County Judge’s Court discussed above was the sole basis for the investigation” for which the administrator ad litem was appointed. His appointment was anomalous and his status was more that of an amicus curiae than that of an administrator ad litem. He had no standing to a right to appeal.
THOMAS, J., concurs.