PER CURIAM.
Hyde Shipping Corporation (Hyde), the defendant below, appeals from a final summary judgment entered in favor of Concre-to Asfáltico Nacional, S.A. (CAN). Hyde contends that the trial court erred in entering summary judgment since the affirmative defenses they raised created issues of material fact which are still in dispute. We agree and reverse the judgment.
“It is well established that summary final judgment is appropriate only where each affirmative defense has been conclusively refuted on the record. Spear v. Martin, 330 So.2d 543 (Fla. 4th DCA 1976).” Pandol Bros., Inc. v. NCNB Nat’l Bank, 450 So.2d 592, 594 (Fla. 4th DCA 1984); see also International Commercial Properties, Inc. v. O’Donnell, 462 So.2d 95 *777 (Fla. 2d DCA 1985); Wilson v. Pruette, 422 So.2d 351 (Fla. 2d DCA 1982); Allington Towers Condominium North, Inc. v. Allington Towers North, Inc., 415 So.2d 118 (Fla. 4th DCA 1982); Emile v. First Nat’l Bank, 126 So.2d 305 (Fla. 3d DCA 1961). Hyde raised several affirmative defenses to CAN’s allegation of negligent bailment, including the criminal intervention of a third party and contractual, as well as federal statutory (Carriage of Goods by Sea Act), limitation of liability. At the very least, there remained unresolved issues concerning the criminal intervention by a third party, which may ultimately relieve Hyde of liability if Hyde demonstrates that it complied with the standard of care required of a bailee. Because CAN failed to conclusively refute all of Hyde’s affirmative defenses, the trial court erred in entering summary judgment for CAN. Accordingly, the judgment under review is
Reversed and remanded for further proceedings.