ORFINGER, Judge.
This appeal is from an order approving their final accounting and discharging the personal representatives of the estate, over the objections of the beneficiaries. We conclude that the objections to the final accounting were well taken and should have been sustained, and reverse the order appealed from.
The beneficiaries first object to a payment of $17,000 by the co-personal representative William J. Crosby II to himself in the absence of a claim filed by him as required by section 733.702, Florida Statutes (1985) which provides:
(1)No claim or demand against the decedent’s estate that arose before the death of the decedent ... is binding on the estate, on the personal representative, or on any beneficiary unless presented:
(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise. The personal representative may settle in full any claim without the necessity of the claim being filed when the settlement has been approved by the beneficiaries adversely affected according to the priorities provided in this code and when the settlement is made within the statutory time for filing claims; or he may file a proof of claim of all claims he has paid or intends to pay.
William J. Crosby II is the son of the decedent, and contends that the money was due him by virtue of a promissory note executed by his father. It is undisputed that he never filed a claim against the estate for the money he says was due him under this note. All claimants are required to file a claim and the filing requirement cannot be waived by the personal representative. Twomey v. Clausohm, 234 So. 2d 338 (Fla.1970). See also Lasater v. Leathers, 475 So.2d 1329 (Fla. 5th DCA 1985); Estate of Turner, 357 So.2d 742 (Fla. 4th DCA 1978). The holding in Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla.1986) that-the cited statute is one of limitation and not of non-claim does not alter the fact that a creditor must file a claim. The specific exceptions to that requirement in section 733.702(l)(a) do not come into play here because the beneficiaries did not approve the settlement nor did the personal representative file a proof of claim that he had paid or intended to pay this sum. See also Coley v. Estate of Odom, 500 So.2d 188 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1040 (Fla.1987).
Moreover, if the personal representative has a claim against the estate represented by him, not only must he file it in the same manner as any other claimant, but before such claim can be allowed, an administrator ad litem must be appointed to represent the estate as to such claim. Shambow v. Shambow, 149 Fla. 278, 5 So.2d 454 (1942); Redfearn, Wills and Administration of Estates in Florida, § 21-9; Fla.R.P. & G.P. 5.120(a). The decedent’s will appointed William J. Crosby II and Marvin T. Ellis as co-personal representatives and they both qualified to act. Section 733.615, Florida Statutes requires the concurrence of all fiduciaries on all acts connected with the administration and distribution of the estate, with certain exceptions not pertinent here. Even if Ellis could act alone on Crosby’s debt because Crosby was disqualified, a point we need not decide, there is no indication in this record that anyone other than Crosby authorized this payment.
In addition to the foregoing, the beneficiaries objected to the transfer by the personal representatives of $119,000 from the estate account to a partnership known as Crosby & Son, this being a partnership which had existed between the decedent and the co-personal representative William J. Crosby; to the payment by William J. Crosby of $33,500 in compensation to himself for labor (other than for compensation as personal representative) and for $5,850 which he paid to himself out of estate funds as rent for a bulldozer which he provided to the estate. Although the final accounting showed the individual payments *70 made from the estate to the partnership, there was no accounting of how the money was spent or that the funds actually were expended for the benefit of the estate.
Appellee argues that these funds were expended on or for maintenance of orange groves belonging to the estate, and that the personal representatives were' authorized under the will to continue any business of the decedent. This argument is unpersuasive. It was conceded at oral argument that at least part of the orange grove property was bequeathed to William J. Crosby and that he also inherited his father’s one-half interest in the partnership assets. The partnership to which the payments were made to operate the grove property no longer existed after the decedent died. Thus William, as the sole owner of the partnership assets and as a part owner, at least, of the groves was, to that extent, dealing with estate money for his own interests. Section 733.610, Florida Statutes (1985) provides:
Any sale or encumbrance to the personal representative or his spouse, agent, or attorney, or any corporation or trust in which he has a substantial beneficial interest, or any transaction that is affected by a conflict of interest on the part of the personal representative, is voidable by any interested person except one who has consented after fair disclosure, unless:
(1) the will or a contract entered into by the decedent expressly authorized the transaction; or
(2) the transaction is approved by the court after notice to interested persons. There was a conflict of interest which
should not have been tolerated by the court without a full and complete disclosure. Because the remaining beneficiaries objected, the court should have required a detailed accounting of the expenditures made, not only from the estate into the “partnership” but out of it as well, so that a determination could be made that the estate funds were actually expended for estate purposes. To the extent that they were not, the accounting should not have been approved.
The order approving the final accounting and discharging the personal representatives is reversed, and the cause is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COWART, J., and UPCHURCH, F.D., Jr., Judge, Retired, concur.