PER CURIAM.
The summary judgment against the estate was incorrectly entered because it was at that time represented only by a person whose interests were obviously adverse. See Edmonson v. Frank J. Rooney, Inc., 171 So.2d 566 (Fla. 3d DCA 1965) (adverse interest renders appointment of administrator ad litem jurisdictionally required even though not requested; judgment obtained in absence of such appointment void); § 733.308, Fla.Stat. (1989); see also In re Estate of Bell, 573 So.2d 57 (Fla. 1st DCA 1990).
On the merits, the judgments against both the estate and the beneficiaries were likewise erroneous because the plaintiff ■failed entirely, let alone conclusively, to establish her entitlement to judgment in the face of the affirmative defenses contained in the beneficiaries’ answer.[1] Holl v. Talcott, 191 So.2d 40 (Fla.1966); Russo v. Ross, 545 So.2d 460 (Fla. 3d DCA 1989); Hyde Shipping Corp. v. Concrete Asfaltico Nacional, 507 So.2d 776 (Fla. 3d DCA 1987); Puritan Ins. Co. v. Frank, 436 So.2d 1140 (Fla. 3d DCA 1983). For these *1036 reasons,[2] the summary judgments are reversed and the cause remanded for trial on all issues.
This determination moots the pending appeal, no. 90-1061, from the denial of relief under Fla.R.Civ.P. 1.540(b). That order is accordingly vacated.
Case no. 90-229 is an appeal by the plaintiff from the denial of attorney’s fees claimed against the estate and the beneficiaries under § 57.105. In accordance with our previous determinations, that order is necessarily affirmed.
Reversed in part, vacated in part, affirmed in part and remanded with directions.

. These defenses are deemed applicable to the estate. See Shambow v. Shambow, 149 Fla. 278, 5 So.2d 454 (1942).

. We need not discuss the numerous other bases for reversal of the summary judgments in question.