LOUISE R. FASEL, *Appellant*, v. C. M. Cox, acting as Administrator *ad Litem*, etc., et al., *Appellees*.

En Banc.

Opinion filed May 3, 1930.

*Jackson, Dupree & Cone,* for Appellant;

*W. D. Avra,* for Appellee, C. M. Cox.

MATHEWS, Commissioner:

Peter Fasel died testate in July, 1927. His will was probated. Appellee, William Roger Watkins, qualified as executor of the estate of said decedent. The widow dissented from the will and elected to take a child's part in the estate of her deceased husband.

An asset of the estate consisted of a mortgage and notes thereby secured made by the executor to Peter Fasel during his lifetime upon lands in Hillsborough County. The executor being adversely interested, the court below made an order appointing C. M. Cox, an attorney at law, to act as administrator *ad litem* for Johan Fasel, Anton Fasel, Joseph Fasel, Henrich Fasel, Katharina Simon, Anna

Keul, Theresia Steele, and Mrs. Louise Welcome, and in their stead and for their benefit, behoof and use for the collection or foreclosure of the mortgage above mentioned.

On May 3, 1928, bill of complaint was filed by Louise R. Fasel, a widow, and C. M. Cox, as administrator *ad litem*, for the use and benefit of Johan Fasel, Anton Fasel, Joseph Fasel, Henrich Fasel, Katharina Simon, Anna Keul, Theresia Steele, and Mrs. Louise Welcome, to foreclose the above mentioned mortgage.

The bill alleges the making of the will, the death of the testator, probate of the will, dissent of the widow to the will and her election to take a child's part in the estate; that Johan Fasel, Anton Fasel, Joseph Fasel, Henrich Fasel, Katharina Simon, Anna Keul, Theresia Steele and Mrs. Louise Welcome, were named as beneficiaries under the will, and the order made by the court appointing C. M. Cox to act as administrator *ad litem* for the eight persons last above named. The bill shows upon its face that the estate is in process of administration. There is no allegation that the estate is not indebted, and no allegations of fact are set forth to show ownership of the mortgage and notes in the widow, Louise R. Fasel, and the eight beneficiaries named.

After the taking of testimony and receiving the mortgage and note in evidence the court below entered a final decree for certain stated amounts in favor of complainants, Louise R. Fasel, and C. M. Cox acting in the capacity of administrator *ad litem* for the use and benefit of the eight beneficiaries above named and against the defendant, William Roger Watkins, and in default of payment, ordered that the property be sold by a master appointed by the court. Sale was made by the master of the mortgaged property, which sale was vacated and set aside and decreed to be null and void by the court below, and thereafter

Louise R. Fasel filed a petition before the court, reciting, among other things, that she had paid taxes upon the mortgaged property, also certain costs accrued and had advanced moneys on account of the services of her solicitor of record; that at a sale made of the property, it brought an inadequate sum; that the sale had been vacated; and that she is advised final decree rendered is void and of no effect, because suit was brought by complainants without right or authority of law. In her said petition she prayed for an order dismissing the bill.

The court below, upon hearing the petition of Louise R. Fasel, praying for dismissal, entered an order denying the petition. From this order, appellant appealed.

Upon the death of the mortgagee, his or her executor or administrator is the proper party complainant to enforce the mortgage lien upon real estate. Phifer v. Abbott, 68 Fla. 10, 65 So. R. 869.

Whenever in a proceeding in equity, it is necessary that the estate of a deceased person be represented and the executor is interested adversely to said estate, an administrator *ad litem* should be appointed for that proceeding and when the facts authorizing such appointment appear of record, or are otherwise made known to the court, such proceeding should then be maintained, prosecuted or defended in so far as said estate is concerned by said administrator *ad litem* in his name as such. Section 5528, Comp. Gen. Laws of Florida 1927, Section 3664, Rev. Gen. Stats. 1920.

This suit was brought by the widow in her own right and by the administrator *ad litem* for the use and benefit of the eight beneficiaries named, and not by C. M. Cox, as administrator *ad litem* of the estate of Peter Fasel, deceased.

Circuit courts of this State, and the judges thereof in

chambers, have jurisdiction, power and authority to rescind, vacate or set aside a decree of foreclosure of a mortgage of property at any time before the sale thereof has been actually made pursuant to the terms of such decree, and to dismiss the foreclosure proceeding upon the payment of all court costs. Section 1, Chapter 11881, Acts of 1927; Section 5752, Comp. Gen. Laws of Florida 1927.

This cause is remanded with directions to the court below to enter an order vacating and annulling the final decree and dismissing the bill of complaint without prejudice.

Reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below should be, and the same is hereby, reversed, and the cause remanded with directions to the court below to enter an order vacating and annulling the final decree and dismissing the bill of complaint without prejudice.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.