389 So.2d 1026 (1980)
Shirley WOOLF, Appellant,
v.
David REED et al., Appellees.
Nos. 79-479, 79-480 and 79-505.
District Court of Appeal of Florida, Third District.
September 9, 1980.
Rehearing Denied November 25, 1980.
*1027 Sibley, Giblin, Levenson & Glaser, Thomas E. Lee, Jr., Miami, for appellant.
Robert A. Ginsburg, County Atty. and Murray A. Greenberg and Roy Wood, Asst. County Attys., Rafael K. Yunes, Miami Beach, Mershon, Sawyer, Johnston, Dunwody & Cole and Mark V. Silverio and Roland C. Goss, Miami, Smith, Mandler, Smith, Werner, Jacobowitz & Fried, Miami Beach, for appellees.
Steel, Hector & Davis, Miami, for Dade County Bar Assn., as amicus curiae.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
We review the appointment by the circuit court of an administrator ad litem in the probate of Pat B. Elbert's estate.
A short review of the facts is in order.
Pat Elbert, until her death in 1974, acted as the executrix of her father's estate; appellant was her legal counsel in that undertaking. Upon the death of Pat Elbert, Sun Bank was appointed administrator of the father's estate, and appellant's connection with the father's estate ended.
Appellant was a nominated trustee under the will of Pat Elbert; moreover, she served as attorney for the personal representative of the Pat Elbert estate.
Records of administration kept for the father's estate disclosed an apparent indebtedness to that estate from the Pat Elbert estate. The personal representative of Pat's estate, Patricia Byrne, negotiated a compromise and settlement between the two estates which she submitted to the court, in the form of a settlement stipulation, for approval. Thereafter, Ms. Byrne informed the court of her discovery that appellant had obtained from the father's estate a release from liability to that estate, negotiated at some cost to appellant.
Appellee Reed was the nominated cotrustee, with appellant, of a trust established in the Pat Elbert will, to be funded from her estate. He has resigned that position. It is he who first requested the appointment of an administrator ad litem-a request subsequently joined in by the University of Miami, which holds certain remainder interests in the trust, and by the Dade County Bar Association, as amicus curiae. Appellees contend that the Pat Elbert estate may have a claim against appellant for all or part of the funds in question, and that appointment of an administrator ad litem is necessary to properly protect the estate's interests.
Appellee's request culminated in the appointment of an administrator ad litem with the authority to "... determine the nature and extent, if any, of the liability of SHIRLEY WOOLF, to the [Pat Elbert] *1028 Estate and/or its beneficiaries, arising out of the administration of the ROBERT G. ELBERT [the father's] ESTATE."
Appellant contends that the appointment of an administrator ad litem is improper without a prior finding that an acting administrator has engaged in misconduct, or is incapable of protecting the estate's interests in the matter for which the appointment is made. Moreover, appellant urges that the authority with which the administrator ad litem was clothed by the court was excessive.
We dispose of appellant's first contention by reference to the language of Fla.R.P. & G.P. 5.120(a):
When it is necessary that the estate of a decedent... be represented in any probate ... proceeding and ... the personal representative ... is or may be interested adversely to the estate ..., or the necessity arises otherwise, the court may appoint an administrator ad litem ..., without bond or notice for that particular proceeding.
In our review of the record, and in light of the relationship between appellant and Ms. Byrne, as personal representative for the estate of Pat Elbert, we find adequate support for the trial court's appointment of an administrator ad litem.
Appellant's second claim, however, is well-founded. The special administrator was seemingly appointed as an adjunct of the court, in the nature of a special master. But an administrator ad litem is a court-appointed advocate for the interests of an estate, where those interests are jeopardized, and where the acting representative, if any, will not or cannot defend them. See In re Estate of Herlan, 209 So.2d 225 (Fla. 1968); Shambow v. Shambow, 5 So.2d 454, 149 Fla. 278 (1942), reviewed on other grounds, 15 So.2d 837, 153 Fla. 762 (1943); Fasel v. Cox, 128 So. 33, 99 Fla. 968 (1930); Edmonson v. Frank J. Rooney, Inc., 171 So.2d 566 (Fla. 3d DCA 1965).
An administrator ad litem is an officer of the court, insofar as is every attorney certified to practice therein. However, his primary and overriding duty is to the estate, rather than to the bench; the court may not mandate specific acts through his appointment, such as the holding of hearings, but rather imposes upon the administrator a fiduciary duty to the estate, and so empowers him to minister to specific estate interests, not as a judicial officer making findings of fact and conclusions of law, but as a fiduciary, who owes the highest duty to the estate to safeguard those specific interests he has been commissioned to protect. The appointee becomes solely responsible to the estate for the administration of that portion of its affairs entrusted to him by the court, and thus supplants in that regard the authority of the personal representative, who continues to be responsible for the administration of all other aspects of the estate's business.
Insofar as the court below sought to create such a limited role, it may properly do so. Insofar as it sought to delegate its judicial authority to its appointee, its act was void ab initio.
Affirmed as to the appointment, reversed as to the powers conferred; and remanded for action by the trial court not inconsistent with this opinion.