CAMPBELL, Judge.
Appellant, Jean Cordiner Dougherty, seeks review of an amended order appointing an administrator ad litem. We affirm.
Appellant was one of four children of the decedent who were all, to some extent, beneficiaries of the deceased’s estate. Decedent Gwyneth Lewis Cordiner died December 22,1982. Appellant, her sister, Sal-lianne Cordiner Lione, and decedent’s attorney during her lifetime, Gordon D. McCut-cheon, Jr., were appointed co-personal representatives of the estate on January 14, 1983. Thereafter, appellant resigned as co-personal representative.
On May 6, 1983, the trial court entered an order continuing the appointment of the remaining two co-personal representatives. On August 3, 1983, Nancy Cordiner Judge, another daughter and heir of the decedent, filed a Petition for Appointment of Administrator Ad Litem. That petition alleged, among other things, that appellant had occupied a close and confidential relationship with the decedent and that appellant had caused to be wrongfully transferred, from decedent to appellant and members of her immediate family, substantial cash and real property. The transfers were alleged to exceed two million dollars. The petition further alleged that the decedent’s estate had substantial claims against appellant and members of her family that must be pursued to the extent of litigation, if necessary, to recover the cash and other properties. The petition also alleged that the co-personal representative McCutcheon had served as decedent’s attorney, prepared many of the deeds effecting the transfers and would likely be a necessary witness in any litigation. The co-personal representative Lione was pointed out by the petition as being a sister of appellant and, as such, would have a natural reluctance to litigate claims against her sister, the appellant. The petition asked the court to appoint an administrator ad litem to “be authorized and directed to investigate and pursue all proper claims of the estate arising in any way from the conduct of any one or more of Jean Cordiner Dougherty, her husband and/or children.”
On August 4,1983, the co-personal representatives Lione and McCutcheon also filed a Petition for Appointment of Administrator Ad Litem. In their petition, they alleged that for some three years prior to the death of the decedent, there were numerous financial transactions between the decedent and appellant. They alleged that their investigation of those transactions substantiated that many of the transactions had been in the nature of loans to appellant, which had not been repaid, and that there were disagreements between them and appellant as to what should be repaid.
Their petition further alleged that in addition to the loan transactions, there were, *420 in 1982, numerous conveyances of land from decedent to appellant and her children. It was alleged the conveyances were for an inadequate consideration and at a time when decedent was without sufficient mental capacity to understand the nature of the conveyances. According to the petition, the transactions resulted from the undue influence of appellant. The petition alleged that those conveyances in 1982, should be rescinded and that lawsuits had been filed for that purpose.
The petitioner, Lione, alleged she was unable to represent the estate in regard to the transactions alleged because appellant was her sister and because petitioner was also co-personal representative of decedent’s estate and a beneficiary of the estate. The petitioner, McCutcheon, alleged he could not continue to represent the estate in regard to the transactions alleged because, as an attorney, he had handled some of the transactions when they occurred and would be a necessary witness in any action concerning them. Both petitioners requested the court appoint an administrator ad litem to proceed with the lawsuits and investigate the financial transactions referred to and “take such action as may be necessary in order to assert the Estate’s rights with respect thereto.”
On August 17, 1983, the court below entered an order appointing appellee, Thomas P. Evans, as administrator ad litem of decedent’s estate. That order appointed appellee Evans to represent the estate for the following purposes:
1. The investigation of the financial transactions between the decedent, GWYNETH LEWIS CORDINER, and JEAN CORDINER DOUGHERTY prior to the decedent’s death and to take such action as may be necessary in order to assert the Estate’s rights with respect to said transactions.
2. To proceed in the place of the Co-Personal Representatives with the lawsuits heretofore filed by the Estate against the following parties:
JEAN CORDINER DOUGHERTY WARD LEWIS DOUGHERTY JANET LEE DOUGHERTY JOSEPH WARDLE DOUGHERTY JESSE MORALES and SHARON MORALES
MICHAEL TRIMIS and DIANE DOUGHERTY TRIMIS
That order was not appealed.
On December 2, 1983, appellee Evans petitioned the court below for an amendment to the order appointing him administrator ad litem.
In his petition to amend, he re-alleged most of the matters earlier alleged in the original petitions of petitioners Lione, McCutcheon and Judge. He further alleged that he was unsure of the extent of his authority “to make and continue investigation which may lead to discovery of evidence relative and admissible into the six pending lawsuits.” He alleged it would be more efficient “for one party to pursue discovery and, if found necessary, litigation as to all of the transactions that GWYN-ETH LEWIS CORDINER made during the later years of her life.” A hearing was held on appellee’s petition at which he appeared with his attorney. Also appearing were attorneys for appellant, the co-personal representatives, Lione and McCutcheon, and Nancy Cordiner Judge.
As a result of that brief hearing, the Amended Order Appointing Administrator Ad Litem was entered. The essential part of that order provided that the appellee Evans was given authority to “represent the above-captioned estate for the purpose of investigating any and all transactions, events, circumstances, and conditions affecting or involving property, both real and personal, in which decedent, GWYNETH LEWIS CORDINER, had an interest and to amend existing pleadings and to take all such actions as may be necessary in order to assert, protect, and preserve the rights of the estate....”
Only the appellant, Jean Cordiner Dough-erty, has appealed from that order. We have some concern as to whether appellant has standing to maintain this appeal. Florida Rule of Probate and Guardianship Pro *421 cedure 5.100, provides that all orders and judgments “determining rights of any party” may be appealed. While the supreme court in In Re Estate of Baker, 327 So.2d 205, 207 (Fla.1976), held that Rule 5.100 does not limit right to appeal only to a “party,” it did seem to hold that the person appealing had to have some interest. Florida Rule of Probate and Guardianship Procedure 5.040(a)(1), provides that when formal notice is required, a petition or other pleading shall be served “on any interested person.” Florida Rule of Probate and Guardianship Procedure 5.120, relating to appointment of an administrator ad litem provides, however, that the court may appoint an administrator ad litem without notice. Our main concern, however, about the standing of appellant, derives from the fact that from the allegations of the petitions below, her “interest,” if any, is contrary to the interest of the estate if those allegations are true. Regardless of our concern about appellant’s standing, however, we determine it more prudent to address the issues here on their merits.
Appellant states her issues as follows: WHETHER THE TRIAL COURT PROPERLY EXERCISED ITS DISCRETION IN ENTERING THE AMENDED ORDER?
A. WHETHER THE ORDER STRIPS THE PERSONAL REPRESENTATIVES OF THEIR ADMINISTRATIVE POWERS WITHOUT CAUSE?
B. WHETHER THE ADMINISTRATOR AD LITEM IS VESTED WITH AUTHORITY ALLOWABLE UNDER FLORIDA LAW?
C. WHETHER THE PROBATE COURT MAY APPOINT AN ADMINISTRATOR AD LITEM FOR MORE THAN ONE PROCEEDING?
Appellant basically premises her argument on assertions that the amended order appointing the administrator ad litem is too broad and effectively removes the co-personal representatives. While the final language of the amended order is somewhat broad, we consider that it must be read in conjunction with the allegations of the petitions for appointment and amendment. The duties of appellee appear to us to be limited to investigation and follow-up action to assert the estate’s interest in any properties which the decedent may have improperly or improvidently disposed of during her lifetime, whether because of mental deficiencies or undue influence. In addition, there is presented an issue as to whether some transfers were, in fact, loans which are still outstanding. There seems to us to be no question that the purposes of the orders here were to vest appellee with as much authority as necessary to safeguard the interests of the estate where those interests have been jeopardized by transfers and where the co-personal representatives have possible deterrents which might prohibit them from zealously pursuing those assets. Woolf v. Reed, 389 So.2d 1026 (Fla. 3d DCA 1980).
The co-personal representatives continue to be responsible for all other aspects of the estate’s business. Woolf at 1028. We cannot hold, as appellant would have us do, that an administrator ad litem must always be confined to the pursuit of a single matter of litigation. If proper investigation leads to 'the necessity of several causes of action, the orders of the trial court have properly authorized such actions. It would be illogical to appoint such an administrator to investigate multiple transfers, but not allow effective pursuit of matters disclosed. After all, Rule 5.120 provides for the appointment of an administrator ad litem when it is necessary that an estate be represented by reason of the adverse interest of the personal representatives or when “the necessity otherwise arises.” Finally, we observe that an administrator ad litem is always subject to the supervision of the appointing court. If the administrator ad litem should stray afield from the scope of his authority, that court is available to exercise the necessary restraints.
Affirmed.
BOARDMAN, A.C.J., and OTT, J., concur.