533 So.2d 889 (1988)
John BENSON, Individually, and As Personal Representative of the Estate of David Wyatt Benson, and Tommye Benson, Appellants,
v.
Cindy House BENSON and Arrow Air, Inc., Appellees.
No. 87-2964.
District Court of Appeal of Florida, Third District.
November 8, 1988.
Charles R. Lipcon and Brett Rivkind, Miami, for appellants.
Speiser, Krause and Madole, Washington, D.C., Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel Eaton, Thornton, David & Murray and Terry L. Redford, Miami, for appellees.
Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
We hold that the trial court correctly ruled that appellants, decedent's parents, were without standing to bring a wrongful death action in Florida. Section 768.20, Florida Statutes (1985), directs that a wrongful death action must be brought by the personal representative. In this case, decedent's wife, not his parents, serves as "administratrix" of the estate. As a result, the parents lack standing to sue, and the trial court lacked subject matter jurisdiction over the parents' claim. Furthermore, appellants, who are merely potential beneficiaries in the wrongful death action instituted by decedent's administratrix, lacked standing in the trial court to contest the court's determination of applicable law. Poyer v. Burris, 533 So.2d 888 *890 (Fla. 3d DCA 1988). We affirm the dismissal of appellants' claims.
AFFIRMED.