611 So.2d 43 (1992)
Dareyl FUNCHESS, as personal representative of the estate of Samantha McHellon Funchess, deceased, on behalf of the estate and on behalf of the survivors of the decedent, to wit: Dareyl Funchess, surviving spouse; Lajuan Jamar Funchess, a minor; Samuel McHellon, a minor, Helen White and Donial McHellon, natural parents, Appellant,
v.
GULF STREAM APARTMENTS OF BROWARD COUNTY, INC., John V. Tinglof, Robert R. Tinglof and Iver A. Tinglof, Appellees.
No. 91-1716.
District Court of Appeal of Florida, Fourth District.
December 23, 1992.
Rehearing and Rehearing Denied January 25, 1993.
*44 Edward A. Perse of Perse, P.A. & Ginsberg, P.A., and Ratiner & Glinn, P.A., Miami, for appellant.
Richard T. Woulfe and Peter R. Goldman of Bunnell, Woulfe & Keller, P.A., Fort Lauderdale, for appellees.
Rehearing and Rehearing En Banc Denied January 25, 1993.
DELL, Judge.
Appellant contends the trial court erred when it dismissed this action for the wrongful death of Samantha Funchess and entered judgment for appellees.[1] We agree and reverse and remand this cause for further proceedings.
The trial court's order neither contains findings nor states reasons for its dismissal of appellant's action. Appellant contends the trial court erred if it dismissed this action based upon the inability of an administrator ad litem to maintain a wrongful death action originally brought in the name of a personal representative. In the alternative, appellant contends the trial court abused its discretion if it dismissed this suit based upon appellant's failure to timely obtain the appointment of a personal representative.
Appellant initially filed this wrongful death action in the name of a personal representative properly appointed by the probate division. The probate division thereafter removed the personal representative at the request of the decedent's mother and appointed John Spellacy as administrator ad litem of the estate. Appellees did not move to dismiss when the court appointed Spellacy as administrator ad litem. Only after Spellacy resigned and appellant failed to have a successor administrator ad litem appointed did appellees move to dismiss for lack of a personal representative.
Appellant argues an administrator ad litem may properly maintain a wrongful death action because the term "personal representative" encompasses the term "administrator ad litem". The wrongful death statute, section 768.18, Florida Statutes *45 (1989), does not define the term "personal representative". However, section 731.201(25) provides:
"Personal representative" means the fiduciary appointed by the court to administer the estate and refers to what has been known as an administrator, administrator cum testamento annexo, administrator de bonis non, ancillary administrator, ancillary executor, or executor.
Section 733.308 provides the circumstances where a court must appoint an administrator ad litem:
When it is necessary that an estate be represented and there is no personal representative of the estate, the court shall appoint an administrator ad litem without bond for that particular proceeding.
Rule 5.120(a), Florida Rules of Probate and Guardianship, permits the appointment of an administrator ad litem in the following circumstances:
When it is necessary that the estate of a decedent... be represented in any probate ... proceeding and there is no personal representative of the estate..., or the personal representative ... is or may be interested adversely to the estate ..., or is enforcing his own debt or claim against the estate .. ., or the necessity arises otherwise, the court may appoint an administrator ad litem ... without bond or notice for that particular proceeding.
(emphasis added).
Appellant points out section 768.17, Florida Statutes (1989), provides the wrongful death statute "shall be liberally construed." Section 768.20 states in part:
The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death.
The statute, therefore, requires a single action brought by a personal representative to recover damages for all beneficiaries under the act. By requiring the personal representative to bring a single action, the statute eliminates the potential for competing beneficiaries to race to judgment, preferential treatment of one or more beneficiaries in the disposition of their claims and, most significantly, multiple claims and lawsuits against the wrongdoer.
An administrator ad litem must represent the beneficiaries of the estate with the same degree of neutrality and fidelity as a personal representative and an administrator ad litem is always subject to the supervision of the appointing court. The proceeds of any judgment recovered in the wrongful death action by an administrator ad litem would be protected and distributed as provided by the Probate Code. See In re Estate of Cordiner, 458 So.2d 418 (Fla. 2d DCA 1984); Woolf v. Reed, 389 So.2d 1026 (Fla. 3d DCA 1980). Furthermore, the substitution of an administrator ad litem would not affect appellees' exposure to multiple claims.
Appellees have not shown how they would suffer prejudice by the continuation of the action by the administrator ad litem nor have they shown any meaningful distinction between the authority of an administrator ad litem and a personal representative to act as a nominal plaintiff in a wrongful death action. Since the wrongful death statute provides for a liberal construction and does not prohibit the continuation of the suit in the name of an administrator ad litem, we hold the trial court erred when it dismissed the action for lack of a "personal representative".
We also reject appellee's argument that the trial court's order of dismissal should be affirmed because appellant failed to timely have a personal representative appointed and substituted as plaintiff. On January 9, 1991, the trial court required appellant to have a personal representative appointed by January 14. The probate division appointed Randolph Potter as successor administrator ad litem on January 10 and appellant filed a motion to substitute Potter for Funchess as plaintiff on January 14.
We have held an administrator ad litem can maintain this action to final judgment. Therefore, if the trial court dismissed this cause for lack of a personal representative, it erred. On the other hand, if it dismissed *46 this cause as a sanction, the trial court relied upon an erroneous premise for its dismissal.
Accordingly, we reverse and remand this cause to the trial court with directions to vacate its judgment in favor of appellees and for further proceedings consistent with this opinion.
REVERSED and REMANDED.
HERSEY and STONE, JJ., concur.
NOTES
[1] The following summarizes the procedural history leading to the dismissal of appellant's action:

On January 26, 1989, Dareyl Funchess, nominal appellant, as personal representative of the estate of Samantha Funchess, his deceased wife, filed a wrongful death action against appellees, pursuant to section 768.16, Florida Statutes (1989). The decedent's mother petitioned for the removal of Dareyl Funchess as personal representative, and on June 19, 1989, the probate division entered an order which removed Dareyl Funchess as personal representative of the estate and appointed John Spellacy as administrator ad litem of the estate. On September 7, 1990, at Spellacy's request, the probate division entered an order discharging him as administrator ad litem.
On December 5, 1990, appellees moved to dismiss appellant's wrongful death action based upon the ground that the decedent's estate was no longer represented by Funchess or any other personal representative. On December 10, appellant moved to substitute Spellacy for Funchess as plaintiff. On January 9, 1991, the trial court entered an order on appellees' motion to dismiss which directed a personal representative shall be appointed by January 14, or the motion is granted and the action is dismissed. The next day, the probate division entered an order which noted its previous discharge of Spellacy as administrator ad litem and appointed Randolph Potter as successor administrator ad litem. On January 14, appellant filed a motion to substitute Potter for Funchess as plaintiff, and on January 29, the trial court entered an order substituting Potter as plaintiff.
On February 6, 1991, appellees moved to vacate the January 29 order claiming appellant obtained the order ex parte. On April 23, 1991, the trial court entered an order which vacated its January 29 order, granted appellees' motion to dismiss and dismissed appellant's action.