636 So.2d 782 (1994)
CONTINENTAL NATIONAL BANK, Appellant,
v.
Sara BRILL, Appellee.
No. 93-1323.
District Court of Appeal of Florida, Third District.
April 19, 1994.
As Amended on Denial of Rehearing and Clarification May 24, 1994.
*783 Bill Ullman, Miami, for appellant.
Grossman and Roth, and Claudia B. Greenberg, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Continental National Bank, appeals an order denying the appointment of an administrator ad litem. We reverse.
This case presents an issue not before addressed in Florida. This case also stands as a tribute to the lawyer's role in the dynamics of the creation of law.
As in the story of Pygmalion and Galatea, where an artist gave life to an inanimate sculpture, appellant has given life to an inanimate argument. Appellant has crafted from base material  theory and concepts of equity  a new procedural and substantive guideline.
The essential facts are as follows: In 1989, Continental National Bank (the bank) obtained a judgment in excess of $40,000 against the deceased, Luis Brill. Upon Mr. Brill's death in 1991, the bank filed a statement of claim in probate court for the remaining amount of the judgment.
The probate court appointed the surviving spouse, appellee Sara Brill, as personal representative. She brought a wrongful death action based on medical malpractice in her capacities as personal representative, wife and widow, and mother of the minor children of Luis Brill. Receiving a non-specific settlement offer in the amount of $675,000, she moved for approval and allocation of the net settlement proceeds.
The trial court approved the settlement amount, paid attorney's fees and costs, and allocated $10,000 to the estate and the balance to Sara Brill. These proceeds constitute the only assets of the estate. After the court entered its order, the bank, joined by other creditors, sought removal of the personal representative or appointment of an administrator ad litem.
The bank asserts that the allocation of this settlement primarily to Sara Brill conflicts with her duty as personal representative to maximize allocation to the estate. Sara Brill contends that her interest as a survivor entitled to wrongful death proceeds is not an interest against the estate and, therefore, does not pose a conflict of interest for her as personal representative.
Florida Probate Rule 5.120(a) authorizes appointment of an administrator ad litem to represent the estate in a particular probate proceeding whenever the personal representative "is or may be interested adversely to the estate" or "the necessity arises otherwise." An administrator ad litem may *784 be appointed where the adverse interest of the personal representative does not interfere with the administration of the estate as a whole and therefore does not warrant the representative's removal. § 733.504(9), Fla. Stat. (1991); Kolb v. Levy, 104 So.2d 874, 878-79 (Fla. 3d DCA), cert. denied, 108 So.2d 48 (Fla. 1958). The appointee becomes solely responsible for the performance of specific duties authorized by the court, supplanting in that regard the authority of the personal representative, who continues to perform all other responsibilities involving the administration of the estate. Woolf v. Reed, 389 So.2d 1026, 1028 (Fla. 3d DCA 1980).
Under the Wrongful Death Act, the personal representative is the party who seeks recovery of all damages caused by the injury resulting in death for the benefit of the decedent's survivors and for the estate. § 768.20, Fla. Stat. (1991). The personal representative must bring a single action to recover damages for all beneficiaries. Funchess v. Gulf Stream Apartments of Broward County, Inc., 611 So.2d 43, 45 (Fla. 4th DCA 1992). Damages are to be awarded to the survivors and to the estate in accordance with the parameters of recovery set by section 768.21.
Where the personal representative receives a non-specific settlement offer in a wrongful death action, the representative is obligated to proportion proceeds between the estate and the survivors in a reasonable and equitable manner. University Medical Center v. Zeiler, 625 So.2d 120, 122 (Fla. 5th DCA 1993).
Where, as in this case, the personal representative is also a survivor of the decedent and therefore has a personal stake in the allocation of proceeds between the survivors and the estate, we conclude that the personal representative may have an interest adverse to the estate. Therefore, the trial court may appoint an individual without selfinterest as administrator ad litem. The appointee shall equitably represent both the estate and the survivors in the wrongful death proceeding which allocates settlement proceeds or in any proceeding which reviews that allocation.
Appellant, through theories of law, has created this new, more equitable guideline which before did not exist. Thus, the lawyer, like Pygmalion,[1] continues to breathe life into legal principles, maintaining the dynamism, responsiveness and flowing vitality of the law.
Accordingly, we reverse and remand for an appointment of an administrator ad litem to review the allocation of the wrongful death settlement.
Reversed and remanded.
NOTES
[1] Few, like Pygmalion, doat on lifeless charms,

Or care to clasp a statue in their arms. (S. Jenyns, "Art of Dancing," canto i, 1728).