PER CURIAM.
Continental National Bank appeals from an order denying its motion to intervene in a wrongful death action. For the following reasons, we reverse.
Sara Brill is the widow of Luis Brill, who died in 1991. She also serves as the personal representative of his estate. Continental National Bank is a creditor of that estate, having obtained a judgment of over $40,000 against Luis Brill in 1989. Continental filed a timely statement of claim in the probate action based upon its judgment, but the estate was without assets.
Sara Brill, as personal representative of the estate and as decedent’s widow and the mother of their three minor children, brought a medical malpractice wrongful death action in Dade County. The parties settled for $675,000. Pursuant to section 768.25, Florida Statutes (1993), the trial court approved the settlement and allocated $10,-000 to Luis Brill’s estate and $400,000 to Sara Brill.[1] The remainder of the settlement went to fees and costs.
After the trial court entered the order of allocation, Continental National Bank moved to intervene in the wrongful death action, challenging the fairness of the apportionment of settlement proceeds. The trial court denied the motion.
While it challenged the apportionment in the wrongful death case, Continental sought to have Sara Brill removed as personal representative of Luis Brill’s estate in the probate action. Continental argued that Mrs. Brill had “an inherent and inescapable conflict of interest being both the personal representative of the estate of Luis Brill and an individual plaintiff in the malpractice action.” As personal representative, her duty was to maximize recovery to the estate; as widow and mother of the minor children of the decedent, her interest was to maximize recovery to her family. The probate court denied Continental’s motion to remove Mrs. Brill as personal representative; this court reversed. Continental National Bank v. Brill, 636 So.2d 782 (1994) (Brill I). In Brill I, we remanded the cause to the probate court for the appointment of an administrator ad litem to review the allocation of the wrongful death settlement, concluding that the personal representative may have an interest adverse to the estate.
The result in Brill I compels us to reverse the order on appeal in this case, and to direct the trial court to grant Continental’s motion to intervene in a limited capacity to participate in the administrator ad litem’s review of the settlement allocation.[2] See also Union Cent. Life Ins. Co. v. Carlisle, 593 So.2d 505 (Fla.1992) (plaintiffs insurer had limited right to intervene in medical malpractice action to recover health benefits paid).
Reversed and remanded with directions.

. "While an action under this act is pending, no settlement as to amount or apportionment among the beneficiaries which is objected to by any survivor or which affects a survivor who is a minor or an incompetent shall be effective unless approved by the court.” § 768.25, Fla.Stat. (1993).

. We express no opinion on the fairness of the allocation as it is presently structured.