779 So.2d 494 (2000)
Joan GUADALUPE, Survivor, Appellant,
v.
Vyctoria PETERSON, as Personal Representative of the Estate of John Guadalupe, Deceased; Louis Frank Railey and Eggers And Son Roofing And Tile, Inc., a Florida corporation, Appellees.
No. 2D00-511.
District Court of Appeal of Florida, Second District.
December 6, 2000.
*495 Mark H. Perenich of Perenich, Carroll, Perenich, Avril & Caulfield, P.A., Clearwater, for Appellant.
Tony Griffith of Tanney, Eno, Tanney, Griffith & Ingram, P.A., Clearwater, for Appellee Peterson.
Gregory D. Jones, Carmen Alpizar and Matthew R. Danahy of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, and Richard T. Heiden of Kimpton, Burke, White & Heiden, P.A., Clearwater, for Appellees Railey and Eggers and Son Roofing.
THREADGILL, Acting Chief Judge.
The appellant challenges an order denying her motion to set aside a settlement and final judgment entered in an action for the wrongful death of her twenty-three year-old, married son. The action was filed by the decedent's wife, as personal representative. In her motion to set aside, based on Florida Rule of Civil Procedure 1.540(b), the appellant alleged that she was *496 never notified by the personal representative of her right to claim compensation, that the trial court never approved the settlement as required by section 768.25, Florida Statutes (1997), and that the personal representative executed a release of the appellant's claim without proper authority. The trial court held that the appellant did not have a claim because her son was emancipated and, therefore, was not a minor child under the Wrongful Death Act, sections 768.16 through 768.27, Florida Statutes (1997). We conclude the trial court properly denied the motion for relief from judgment, but we do not agree that the appellant had no claim under the Wrongful Death Act.
In this case, the personal representative settled the wrongful death action for the defendants' insurance policy limits, or $1,000,000, plus $10,000 paid directly by the defendants. The appellant does not challenge the amount of the settlement. Instead, she complains that she did not receive any of the proceeds.
The trial court properly denied the motion to set aside the settlement and final judgment. The judgment entered in this case was not void ab initio for lack of notice to a party, as argued by the appellant. The appellant was not a party to the wrongful death action. See § 768.20 (wrongful death action shall be brought by decedent's personal representative); Continental Nat'l Bank v. Brill, 636 So.2d 782 (Fla. 3d DCA 1994) (personal representative must bring single action to recover damages for all beneficiaries); Benson v. Benson, 533 So.2d 889 (Fla. 3d DCA 1988) (decedent's parents without standing to bring wrongful death action as such action must be brought by personal representative).
Further, the trial court was not required to approve the settlement in this case, because no objection was entered by any survivor during the pendency of the action. See § 768.25. And, even if the personal representative was without authority to execute the release on behalf of the appellant, it would be inequitable to set aside the entire settlement and final judgment on that basis. A person who in good faith deals with a personal representative for value is protected as if the personal representative properly exercised her power and is not bound to see to the proper application of estate assets paid or delivered to the personal representative. See § 733.611, Fla. Stat. (1997). Here, the settlement proceeds have already been distributed to the personal representative. It would be unfair to penalize the defendants, who settled in good faith with an authorized party, where the appellant does not challenge the amount of the settlement, but only the distribution of the proceeds.
The trial court's rationale for denying the motion, however, was erroneous. An action for wrongful death is to be brought by a decedent's personal representative, who recovers for the benefit of the decedent's survivors and estate. See § 768.20. The definition of "survivor" includes a decedent's parents. See § 768.18(1). Section 768.21(4) states that each parent of a deceased minor child may recover for mental pain and suffering from the date of the injury. Section 768.18(2) defines "minor children" as children under 25 years of age, notwithstanding the age of majority. Here, the trial court determined that section 743.01, Florida Statutes (1997), which removes the disability of nonage of a minor who is married, changes the decedent's status from that of a minor to that of an adult for the purpose of section 768.18(2). As a result, the court concluded that the appellant has no claim under the Wrongful Death Act for the death of her son.
Section 768.18(2), however, is susceptible to more than one interpretation: the first being that it includes married children, and the second being that it does not. When a statute is susceptible to more than one interpretation, it is helpful to refer to legislative history. See Magaw v. State, 537 So.2d 564 (Fla.1989). The *497 definition of "minor children" in section 768.18(2) was amended in 1981 to delete the terms "dependent unmarried" and to change the age from 21 to 25 years. See Ch. 81-183, § 1, at 554, Laws of Fla. When the legislature amends a statute by omitting words, courts may presume it intends the statute to have a different meaning than that accorded before the amendment. See Capella v. City of Gainesville, 377 So.2d 658 (Fla.1979). The Senate Staff Analysis and Economic Impact Statement for Senate Bill 150, which was enacted as chapter 81-183, notes that the changes would "allow parents of a child under 25, regardless of the marital or dependent status of the child, to recover mental pain and suffering damages for the wrongful death of the child." This history makes clear the legislature's intent to include all children under the age of 25 years within the definition of "minor children," regardless of their marital status. The cases relied upon by the trial court in the final judgment, Hanley v. Liberty Mutual Insurance Co., 334 So.2d 11 (Fla.1976), and Guarniere v. Henderson, 171 So.2d 617 (Fla. 1st DCA 1965), were decided before the 1981 amendment and are, therefore, distinguishable.
The appellant is not without a remedy. A personal representative is a fiduciary who is required to use the authority conferred upon her for the best interests of the interested persons. See § 733.602(1), Fla. Stat. (1997). Where the personal representative receives a nonspecific settlement offer in a wrongful death action, she is obligated to apportion the proceeds between the estate and the survivors in a reasonable and equitable manner. See Continental Nat'l Bank, 636 So.2d at 784. If the exercise of power concerning the estate is improper or in bad faith, the personal representative is liable to interested persons for damage or loss resulting from a breach of her fiduciary duty to the same extent as a trustee of an express trust. See § 733.609, Fla. Stat. (1997); Pearson v. DeLamerens, 656 So.2d 217 (Fla. 3d DCA 1995).
Accordingly, we affirm the denial of the motion to set aside the settlement and final judgment.
Affirmed.
PARKER and SALCINES, JJ., Concur.