# Third District Court of Appeal

## State of Florida

Opinion filed July 14, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-1124, 3D20-1135,
3D20-1761, and 3D20-1147
Lower Tribunal Nos. 19-5119, 20-991

_____

**Carmen Bey Lif,**
Petitioner / Appellant,

vs.

**In Re: Estate of Isaac Lif, etc.,**
Respondent / Appellee.

On Petition for Writ of Certiorari and appeals from the Circuit Court for Miami-Dade County, Celeste Hardee Muir, Judge.

Wicker Smith O'Hara McCoy & Ford, P.A., and Nicholas E. Christin and Brandon J. Hechtman, and Jessica L. Gross, for petitioner/appellant.

Tripp Scott, P.A., and Carolyn B. Brombacher, Christine P. Yates, and John M. Mullin (Fort Lauderdale), for respondent/appellee Sara Lif Gilbert; Paul M. Cowan & Associates, P.A., and Paul M. Cowan, Anthony M. Diblasi and Manuel A. Celaya, for respondent/appellee Carmen Bey Lif, as Personal Representative of the Estate of Isaac Lif.

Before LINDSEY, HENDON, and LOBREE, JJ.

HENDON, J.

Carmen Bey Lif ("Carmen," "Petitioner," or "Appellant") files a petition for writ of certiorari seeking to quash a July 9, 2020 order appointing an administrator ad litem for certain matters connected to the probate estate of the deceased, Isaac Lif. She further appeals from two subsequent orders dated October 25, 2020, setting forth the scope of the administrator ad litem's authority, and a supplemental order on relinquishment of jurisdiction.[1] We dismiss the petition for writ of certiorari, because the Petitioner has not shown any irreparable harm that cannot be addressed on appeal from a final order. We further dismiss the appeals from the October 25, 2020 orders as taken from non-appealable non-final orders.

Carmen is the second wife of the deceased, Isaac Lif ("Isaac"), and she is the personal representative of the Estate of Isaac Lif ("Estate"). Sara Lif Gilbert ("Sara") is Isaac's only child and a beneficiary of the Estate. Upon his death in 2019, Isaac left certain trusts, an ownership interest in Cronans Management Holdings, LLC,[2] and an art collection worth in excess of $30

---

[1] Carmen's petition for certiorari seeking to quash the July 9, 2020 order, and her appeals from the two October 2020 orders, 3D20-1761, 3D20-1135, and 3D-1147, have been consolidated under current case number 3D20-1124.

[2] Cronans is a holding company that was created by Isaac before he died. The proceeds from the sale of his Radiocentro business from the Dominican Republic, over $30 million, was deposited into Cronans' bank accounts.

million. In 2019, Sara raised issues of Carmen's conflict of interest as personal representative, challenging certain inter vivos transfers out of Estate trusts on grounds of lack of capacity and undue influence as a result of Isaac's dementia during the last few months of his life, as well as disputes regarding percentage of corporate ownership and breach of fiduciary duties.

In February 2020, Sara filed a petition for appointment of an administrator ad litem to address those concerns, and Carmen, as the Estate's personal representative, moved for a more definite statement and a declaration that the proceedings were adversary in nature. After a hearing, the probate court directed the parties to submit names for an administrator ad litem. The parties proposed an agreed order to appoint Luis Barreto to act as the administrator ad litem for the Estate. Shortly thereafter, the COVID pandemic quarantine went into effect and the probate court did not issue that order. After interruptions of court proceedings as a result of the implementation of quarantine restrictions, the probate court instead issued the July 9, 2020 Order Regarding Administrator Ad Litem. That order rejected Carmen's contention that a petition for appointment of an administrator ad litem was adversarial in nature, citing to Rule 5.120 of the probate rules.[3] The July 9th order additionally provided that the court-

---

[3] Rule 5.120(a), Administrator Ad Litem and Guardian Ad Litem, provides:

3

appointed administrator ad litem should serve until the issues of undue influence, conflict of interest, and property distribution were resolved. Carmen, individually and as personal representative, sought to quash the order via petition for writ of certiorari. Because the July 9th order was preliminary in nature and left open the scope and duties of the administrator ad litem, Sara filed a motion to temporarily relinquish jurisdiction. This Court relinquished jurisdiction in order for the probate court to more fully articulate and clarify the scope of the administrator ad litem's duties regarding the trust complaint, the Estate complaint, and the adversary complaint, i.e., what

---

(a)     Appointment. When it is necessary that the estate of a decedent or a ward be represented in any probate or guardianship proceeding and there is no personal representative of the estate or guardian of the ward, <u>or the personal representative or guardian is or may be interested adversely to the estate</u> or ward, or is enforcing the personal representative's or guardian's own debt or claim against the estate or ward, or the necessity arises otherwise, <u>the court may appoint an administrator ad litem or a guardian ad litem, as the case may be, without bond or notice for that particular proceeding</u>. . . . The administrator ad litem or guardian ad litem shall file an oath to discharge all duties faithfully and upon the filing shall be qualified to act. <u>No process need be served upon the administrator ad litem or guardian ad litem, but such person shall appear and defend as directed by the court</u>.

(Emphasis added).

4

areas the administrator ad litem, as fiduciary, will oversee for the personal representative.

At the hearing upon relinquishment, the probate court stated that it appointed the administrator ad litem in order to avoid piecemeal litigation as between the parties and noted Sara's allegations of conflict. At the conclusion of the hearing, the probate court issued two orders: the October 25, 2020 Order Setting Forth Scope and Terms of Administrator Ad Litem, and the October 25, 2020 Supplemental Order on Relinquishment of Jurisdiction. On November 12, 2020, Carmen, individually, appealed from the October orders, invoking this Court's jurisdiction based on her claim that the orders removed her as a fiduciary, i.e. the personal representative.

Discussion

To obtain certiorari relief, the petitioner must establish "(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law." Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721 (Fla. 2012)). The requirement of establishing irreparable harm is jurisdictional. Am. Franchise Grp. LLC v. Gastone, 46 Fla. L. Weekly D779 (Fla. 3d DCA Apr. 7, 2021); Rodriguez v.

5

<u>Miami–Dade Cnty.</u>, 117 So. 3d 400, 404 (Fla. 2013) (stating that "only after irreparable harm has been shown can an appellate court then review whether the petitioner has also shown a departure from the essential requirements of law").

In her petition for writ of certiorari, Carmen, as personal representative, asserts that the July 9, 2020 order appointing an administrator ad litem was in conflict with a prior order, and misinterpreted Florida Probate Rule 5.120(a) when it declared the proceedings to be non-adversary. She also argues that the appointment is too broad and effectively removes her as personal representative of the Estate.[4] None of these assertions are borne

---

[4] The probate court noted in its subsequent October 25, 2020 order, in part:

> While the Personal Representative is concerned that an order that is too broad may effectively remove her, the law specifically provides authority for this court to vest the administrator ad litem with as much authority as is necessary to safeguard the interests of the Estate. <u>See</u> <u>In re Estate of Cordiner</u>, 458 So. 2d 418, 421 (Fla. 2nd DCA 1984). Moreover, <u>the Court finds that Personal Representative still has an important role to play in the administration of this Estate, including (but not limited to) Personal Representative's supervision of the ongoing efforts to sell the decedent's art collection, the largest asset in the Estate</u>. She may be personally liable if for some reason sufficient funds are not available to pay state and federal estate and inheritance taxes, debts and claims against the estate, administration costs, family allowances, and specific devises.

(Emphasis added). Contrary to Appellant's argument, she was not removed as personal representative of the Estate.

6

out by the record below, and, more to the point, she fails to set forth any material injury to her as personal representative as a result of the July 9, 2020 order that cannot be corrected on appeal from entry of a final appealable order.

Florida Probate Rule 5.120(a) authorizes appointment of an administrator ad litem to represent the estate in a particular probate proceeding whenever the personal representative "is or may be interested adversely to the estate" or "the necessity arises otherwise." An administrator ad litem may be appointed where the adverse interest of the personal representative does not interfere with the administration of the estate as a whole and therefore does not warrant the representative's removal. Cont'l Nat'l Bank v. Brill, 636 So. 2d 782, 783–84 (Fla. 3d DCA 1994) (citations omitted). "The appointee becomes solely responsible for the performance of specific duties authorized by the court, supplanting in that regard the authority of the personal representative, who continues to perform all other responsibilities involving the administration of the estate." Woolf v. Reed, 389 So. 2d 1026, 1028 (Fla. 3d DCA 1980) (emphasis added). Because the allegations against Carmen, individually and as personal representative, suggest serious breaches of fiduciary duty and present clear conflict of interest between the Estate and her as personal representative, the probate

court properly appointed an administrator ad litem of the subject estate as to all matters in which Carmen has a conflict of interest with the estate, and specifically set forth the administrator ad litem's duties toward the Estate. An administrator ad litem is always subject to the supervision of the appointing court. If the administrator ad litem should go beyond the scope of his or her authority, the appointing court can exercise the necessary restraints. <u>In re Est. of Cordiner</u>, 458 So. 2d 418, 421 (Fla. 2d DCA 1984).

Carmen argues that her due process rights were violated by the probate court's determination that the proceedings to appoint an administrator ad litem were non-adversarial. She asserts that, as personal representative, she declared Sara's petition for appointment of an administrator ad litem to be adversarial in nature pursuant to Florida Probate Rule 5.025. Although the entire probate case is aptly labeled "adversary," the appointment of an ad litem within that proceeding is not necessarily so, pursuant to Rule 5.120.[5] Carmen was afforded ample opportunity to argue

---

[5] The Florida Probate Rules govern procedure in probate and guardianship proceedings. Fla. Prob. R. 5.010. The Florida Rules of Civil Procedure apply in probate proceedings only as provided in the probate rules. <u>Id.</u>; Fla. R. Civ. P. 1.010. Rule 5.080 lists specific civil rules, primarily relating to discovery, that apply in probate proceedings even absent an adversary proceeding. The Rules of Civil Procedure (except for Rule 1.525 governing costs and attorneys' fees) apply in any adversary proceeding in probate. Rule 5.025(d)(2). The court on its own initiative or on motion of any interested party may determine any probate proceeding to be adversary or non-

her objections to the appointment at the relinquishment hearing, and she cannot say that her due process rights have been violated.

Finally, as it appears that the October 25, 2020 Order Setting Forth Scope and Terms of Administrator Ad Litem, and the October 25, 2020 Supplemental Order on Relinquishment of Jurisdiction are non-appealable, non-final orders, the appeals are hereby dismissed for lack of jurisdiction.

Petition for writ of certiorari dismissed; appeals dismissed.

---

adversary. See Rules 5.025(b)-(c). Proceedings to remove a personal representative or guardian are adversary proceedings unless otherwise ordered by the court. See Rule 5.025(a); 2020 Practice under Florida Probate Code, Chapter 2 PRACTICE AND PROCEDURE, Robert F. Iseley, Jr., Tenth Edition 2020 (emphasis added).